IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | | |
|---|---|---|
| JOYCE BROWN and<br>JULIE STEPHENS | )<br>)<br>) | |
| Plaintiffs, | )<br>) | Case No.: _____ |
| v. | )<br>)<br>) | |
| STACY STARKKA, | )<br>)<br>) | |
| Defendant, and | )<br>) | |
| COMMUNICATIONS LAB<br>INTERNATIONAL, LLC | )<br>)<br>) | |
| Nominal Defendant. | ) | |

## COMPLAINT

Joyce Brown and Julie Stephens (collectively "Plaintiffs") file this Complaint against Defendant Stacy Starkka ("Starkka" or "Defendant") and nominal Defendant Communications Lab International, LLC ("Communications Lab"), showing the Court as follows:

### Introduction

1. Ms. Brown, Ms. Stephens and Ms. Starkka are members of Communications Lab International, LLC. Pursuant to an agreement between Ms. Brown, Ms. Stephens and Ms. Starkka, Defendant Communications Lab paid Starkka to develop intellectual property known as Communication Coding. Instead of delivering the Communication Coding to Communications Lab, Starkka kept it, monetized it for herself and kept the money she was paid to develop it. Bewilderingly, Starkka did not stop there . . . she also demanded that Communications Lab's three other members pay her (Starkka) for her claimed contribution to the Communication Coding.

2. As a member of Communications Lab, Starkka owes fiduciary duties to Communications Lab and the other members of this closely held company, including Ms. Brown and Ms. Stephens. She also had contractual obligations to Plaintiffs which she has disregarded.

3. As a result of Starkka's misconduct, Plaintiffs seek injunctive relief, specific performance of the Parties' contract, and money damages for Defendant's (a) breach of fiduciary duty, (b) breach of verbal contract and (c) a declaration that Communications Lab is the owner of the intellectual property.

## Parties

4. Ms. Brown is an individual residing in Ocala, Florida 34473.

5. Ms. Stephens is an individual residing in South Daytona, Florida, 32119

6. Nominal Defendant Communications Lab, LLC is a Florida limited liability company with its principal place of business located at 1429 SW 160th Lane, Ocala, FL 34473. As a nominal defendant, no response to this Complaint is necessary from Communications Lab.

7. Ms. Starkka is an individual who resides at and can be served at 2431 East Mission Road, Fallbrook, CA 92028.

## Personal Jurisdiction and Venue

8. This Court has personal jurisdiction over Starkka pursuant to Florida Statute Section 48.193 because Starkka, as a member of a Florida Limited Liability Company, is subject to personal jurisdiction in Florida for breach of fiduciary duty to that limited liability company and its members, and because the injury to Ms. Brown and Communications Lab occurred in the Ocala Division of the Middle District of Florida.

9. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1) & (2) because this judicial district is where a substantial part of the events or omissions giving rise to Communication Lab's claims occurred.

## Subject Matter Jurisdiction

10. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332 because the Plaintiffs and Starkka are citizens of different States and the amount in controversy exceeds the value of $75,000.00. This Court has subject matter jurisdiction over Plaintiffs' Declaratory Judgment claim pursuant to 28 U.S.C. §§ 2201, 1331 and 1338(a) because the claim arises out of the Copyright Act, 17 U.S.C. § 101 *et seq*.

11. This Court has supplemental subject matter jurisdiction over the state law claims under 28 U.S.C. § 1337.

## Factual Background

12. Communications Lab is a closely held limited liability company that specializes in helping businesses overcome their communication challenges in the work environment.

13. Communications Lab was a four-member partnership consisting of Sandy Hayakawa ("Ms. Hayakawa"), Joyce Brown ("Ms. Brown"), Julie Stephens ("Ms. Stephens"), and Stacy Starkka (collectively, the "Communications Lab Members").

14. In late September of 2019, Ms. Hayakawa resigned from Communications Lab due to health concerns. Ms. Hayakawa asked Starkka for her money back for payments made thus far, but Starkka informed her that the money would only be returned once Communications Lab made a profit.

15. Communications Lab was registered with the Florida Secretary of State as a limited liability company on January 22, 2019.

16. Communications Lab uses a methodology called Communication Coding that teaches individuals how to quickly read and interact more effectively with other people, which improves management, conflict resolution, customer satisfaction, employee engagement, retention and sales in business ("Communication Coding").

17. Communication Coding uses a variety of assessments and training exercises to determine each individual's communication skills and determine how best that individual communicates in order to reach peak business development.

18. On or about October 2018, Ms. Hayakawa, Ms. Brown, and Ms. Stephens (collectively, the "Other Communications Lab Members") and Starkka discussed creating a communication tool for use in the business.

19. On November 4, 2018, Starkka emailed the Other Communications Lab Members a breakdown including the original items to be worked on and the intellectual property to be created.

20. Further discussions resulted in Starkka joining the Other Communications Lab Members in the creation of a joint venture by verbal agreement: "[w]hen the three of you initially asked for time with me to explore creating an assessment and training program for you, I had no idea that it would morph into such a grand idea that I'd want to jump in as a partner too." (*see* Exhibit A).

21. On December 10, 2018, Starkka emailed the Other Communications Lab Members stating that Communications Lab International, LLC is referred to as "the Company," and owners are Joyce Brown 25%, Julie Stephens 25%, Sandy Hayakawa 25%, Stacy Starkka 25%, who are referred to as the "Executive Team."

22. Under the Member's Agreement, the Other Communications Lab Members were to finance the initial development costs for the intellectual property while Starkka would be paid post-launch out of the sales revenue received from the sale of the intellectual property.

23. Pursuant to the Member's Agreement, Starkka would develop the intellectual property collectively referred to as the *CLI Communication Coding Portfolio* including its various supporting materials. In exchange, Starkka would receive the total development fee of One Hundred Eighteen Thousand Dollars ($118,000.00) (the "Development Fee").

24. Pursuant to the Member's Agreement, the Development Fee was to be divided between the four members with the Other Communications Lab Members paying Twenty-Nine Thousand Five Hundred ($29,500.00) in installments to Starkka.

25. Starkka did not create the intellectual property by herself. One or more of the Other Communications Lab Members made substantive, copyright eligible, written contributions to the intellectual property that all the authors intended to combine into a single work.

26. Before all the installment payments were due, but after the intellectual property was created, Starkka tried to rescind the Member Agreement by asserting full ownership rights in the intellectual property and excluding Communications Lab from using the intellectual property.

27. While the dispute was on-going, Starkka unilaterally and without authorization attempted to assign to herself all of Ms. Hayakawa's interest in Communications Lab in attempt to circumvent Ms. Stephens and Ms. Brown's rights to their detriment.

28. Starkka continues to use the intellectual property for her own personal company, Haus of Hans, that directly competes with Communications Lab. (*see* Exhibit B).

29. Further, Starkka, through counsel, demanded that the Other Communications Lab Members pay her Eighty-One Thousand Two Hundred Fifty Dollars ($81,250.00) in order to

obtain full rights to the intellectual property or Forty-Four Thousand Three Hundred Seventy Five Dollars ($44,375) to purchase a partial rights of the intellectual property.

30. Starkka also interfered with Communication Lab's website. Starkka, without authority from Communications Lab told Carla Hansson, (the "Web Developer") to stop maintaining Communications Lab's website; and the website was subsequently no longer maintained by the Web Developer.

### Count I – Breach of Fiduciary Duty

31. Ms. Brown and Ms. Stephens incorporate the foregoing allegations in Paragraphs 1 through 30, above, as if fully set forth herein.

32. As a member of Communications Lab, Starkka owed fiduciary duties of loyalty, utmost good faith, competence and diligence to Communications Lab and its members, including Ms. Brown and Ms. Stephens.

33. Starkka's fiduciary duties included obligations to act in the best interest of Communications Lab and its members and to put Communications Lab's and its member's interest before her own. However, Starkka breached her duties by using the intellectual property for her own personal gain and breached her duties by self-dealing.

34. Starkka breached her fiduciary duties at least by (1) asserting an ownership interest in the intellectual property when, in fact, the intellectual property is owned by Communications Lab and by (2) using the intellectual property to her advantage and to the detriment of Communications Lab.

35. As a direct and proximate result of Starkka's actions, Communications Lab has lost business opportunities.

36. As a direct and proximate result of the breaches of fiduciary duty committed by Starkka, Ms. Brown and Ms. Stephens have suffered irreparable injury, loss of reputation and pecuniary damages to be proved at trial.

## Count II – Breach of Verbal Contract

37. Ms. Brown and Ms. Stephens incorporate the foregoing allegations in Paragraphs 1 through 30, above, as if fully set forth herein.

38. Ms. Brown, Ms. Stephens, and Starkka entered into a valid oral contract wherein Communications Lab (through contributions from the Other Communications Lab Members) would pay Starkka to create the intellectual property for Communications Lab.

39. Pursuant to that Agreement, Starkka would assign the rights to the intellectual property to Communications Lab.

40. The Other Communications Lab Members paid Starkka $44,250.00. Despite making the payments as required, Starkka breached the oral contract, retaining all payments as well as asserting that Starkka is the sole owner of the intellectual property.

41. Starkka's breach caused Ms. Brown and Ms. Stephens to suffer damages.

42. As a result of Starkka's breach, Plaintiffs have suffered and continue to suffer and incur irreparable injury, loss of reputation and pecuniary damages to be proved at trial. Unless enjoined by this Court, Starkka will continue these acts, thereby causing further immediate and irreparable damage.

## Count III – Declaratory Judgment

43. Ms. Brown and Ms. Stephens incorporate the foregoing allegations in Paragraphs 1 through 30, above, as if fully set forth herein.

44. Declaratory Relief is sought under 28 U.S.C. § 2201, *et seq*. and 17 U.S.C. § 501, *et seq*.

45. Starkka, through counsel, claims that a controversy exists as to the ownership of the intellectual property. Starkka has assumed full control of the intellectual property and will not permit Ms. Brown and Ms. Stephens access to the intellectual property. If this controversy is not resolved, Ms. Brown and Ms. Stephens will continue to suffer damages as a result of Starkka's claims and actions. Declaratory relief is necessary to clarify the legal relations of the Parties and avoid future uncertainty as to the Parties' rights and obligations pertaining to the intellectual property.

46. Ms. Brown and Ms. Stephens are entitled to a declaratory judgment that Communications Lab is the sole owner of the intellectual property and as such are entitled to an accounting by Defendant of any and all profits received from the use or licensing of the intellectual property.

47. As a result of Starkka's ownership claims, Ms. Brown and Ms. Stephens have suffered and continue to suffer and incur irreparable injury, loss of reputation and pecuniary damages to be proved at trial. Unless enjoined by this Court, Starkka will continue these acts, thereby causing further immediate and irreparable damage.

## Jury Demand

Plaintiffs demand a trial by jury for all issues so triable.

## Prayer for Relief

WHEREFORE, Plaintiffs requests the following relief:

(A) Compensatory and punitive damages for Starkka's breach of fiduciary duty;

(B) Compensatory damages for Starkka's breach of contract;

(C)     Specific performance of the terms of contract, requiring Starkka to assign any rights in the intellectual property to Communications Lab;

(D)     Compensatory and punitive damages for Starkka's tortious interference with business relations;

(E)     a declaration that Communications Lab is the sole owner of the intellectual property;

(F)     temporarily, preliminarily, and permanently enjoin and restrain Starkka from asserting ownership over the intellectual property, breaching her fiduciary duties, or tortuously interfering with business relations;

(G)     attorney's fees and costs; and

(H)      such other and further relief as this Court deems just and proper.

Respectfully submitted this 25th day of May, 2020.

**ALLEN, DYER, DOPPELT & GILCHRIST, P.A.**
*/s/ Stephen H. Luther*
Stephen H. Luther
Florida Bar No. 528846
sluther@allendyer.com
Allen, Dyer, Doppelt & Gilchrist, P.A.
255 South Orange Avenue, Suite 140 1
Orlando, FL 32801
Tel: (407) 841-2330
Fax: (407) 841-2343

And

**LILENFELD PC**
*/s/David M. Lilenfeld*
David M. Lilenfeld (*pro hac vice motion to be filed*)
Georgia Bar No. 452399

3379 Peachtree Road NE, Suite 980
Atlanta, Georgia 30326

Telephone: (404) 201-2520
Facsimile: (404) 393-9710

*Attorneys for Plaintiff Communications Lab International, LLC*